UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WATERBURY HOMEOWNERS ASSOCIATION, INC., | ) ) ) |
| Plaintiff, | ) ) ) |
| -vs- | ) CASE NO. 1:25-CV-00088 ) |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) |
| Defendant. | ) ) |

## NOTICE OF REMOVAL

Defendant, State Farm Fire and Casualty Company ("State Farm"), by counsel, files this *Notice of Removal* to remove the above-captioned case to this Court. State Farm, appearing only to effect removal, and preserving all available defenses, states:

### VENUE

1. On December 12, 2024, Plaintiff Waterbury Homeowners Association, Inc. ("Plaintiff") filed its *Complaint for Damages* (the "Complaint") against State Farm in the Marion County Superior Court, Indiana, under Cause Number 49D02-2412-PL-056286 (the "State Court Action"). ECF No. 1-3 at 7 (State Court Record).

2. Removal of the State Court Action to the Southern District of Indiana, Indianapolis Division, is proper under 28 U.S.C. § 1441(a), because the Southern District

of Indiana, Indianapolis Division, embraces Marion County, Indiana, where the State Court Action is pending.

## REMOVAL IS TIMELY

3. Thirty (30) days ago, on December 16, 2024, State Farm was served with a Summons and Plaintiff's Complaint.

4. On December 30, 2024, State Farm filed its *Motion for Enlargement of Time* which requested an enlargement up to and including February 7, 2025, to respond to Plaintiff's Complaint, and on January 2, 2025, the Court granted State Farm's Motion. ECF No. 1-3 at 105-107.

5. There have been no other proceedings in the State Court Action.

6. Thus, State Farm's Notice of Removal is timely under 28 U.S.C. § 1446(b).

## DIVERSITY JURISDICTION EXISTS

7. Under 28 U.S.C. § 1332(a), this Court has original jurisdiction over the State Court Action because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. Plaintiff Waterbury Homeowners Association, Inc. is a citizen of Indiana because it is an Indiana Domestic Nonprofit Corporation with its principal place of business in Indianapolis, Indiana.

9. State Farm is a citizen of Illinois because it is a stock insurance company incorporated under the laws of Illinois with its principal place of business in Bloomington, Illinois. *See* ECF No. 3 (State Farm's Corporate Disclosure).

10. The State Court Action arises out of a dispute over the amount of insurance coverage owed after a fire damaged Plaintiff's property.

11. Plaintiff's Complaint alleges damage to his property and alleges, among other things, that "State Farm breached its insurance contract by…failing to pay to Plaintiff the amounts due under the Policy" and that "State Farm breached its duty to act in good faith in dealing with Plaintiff." *See* ECF Doc. 1-3 at 8-9 (Complaint at ¶ 10 and ¶ 13).

12. The amount in controversy exceeds $75,000, exclusive of interest and costs, because the difference between Plaintiff's estimate to repair the property and State Farm's assessment of the alleged damage caused by the fire, the dispute that forms the basis of Plaintiff's breach of contract claim, exceeds $500,000.

13. In addition to asserting a claim for breach of contract, Plaintiff has asserted a bad faith claim against State Farm; Plaintiff's bad faith claim allows for punitive damages up to three times the compensatory damages awarded. *See generally* ECF Doc. 1-3 at 9-10 (Complaint); *see also Copak v. State Farm Mut. Auto. Ins. Co.*, No 2:12-cv-000400-JD, 2013 WL 450198, at *2 (N.D. Ind. Feb. 6, 2013) ("If [the plaintiff] were to be awarded

the maximum punitive damages allowed by Ind. Code § 34-51-3-4, the amount in controversy would be approximately $100,000.").

14. The State Court Action does not fall within any class of actions under which applicable rules, laws, or statutes limit or prohibit removal to this Court.

15. For these reasons, the State Court Action is properly removed to this Court under 28 U.S.C. §§ 1332, 1441, and 1446.

## STATUTORY REQUIREMENTS

16. Pursuant to 28 U.S.C. § 1446(a), the State Court Record as of the date of this *Notice of Removal* is attached and includes the following: the Complaint and exhibits thereto, counsels' Appearances, the Summons, the Certificate of Service, State Farm's Motion for Enlargement of Time, and the Court's Order granting State Farm's Motion. State Farm has attached each of these documents and their accompanying exhibits in ECF Doc. 1-3, and State Farm verifies that the State Court record attached as ECF Doc. 1-3 is complete as of the filing of this *Notice of Removal*.

17. Under 28 U.S.C. § 1446(d), State Farm will file a copy of this *Notice of Removal* with the Marion County Superior Court, Indiana, and State Farm will serve Plaintiff with both this *Notice of Removal* and the *Notice of Filing of Notice of Removal*.

WHEREFORE, State Farm, by counsel, notifies this Court of the removal of the State Court Action.

          LEWIS WAGNER, LLP

          */s/ Eric C. McNamar*
          ERIC C. MCNAMAR, #22467-49
          EDMUND L. ABEL, #36293-49
          *Counsel for Defendant State Farm Fire and Casualty Company*

## **CERTIFICATE OF SERVICE**

  On January 15, 2025 a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system. Parties may access this filing through the court's system.

Michael L. Schultz
PARR RICHEY FRANDSEN PATTERSON KRUSE LLP
251 N. Illinois Street, Suite 1800
Indianapolis, IN  46204
mschultz@parrlaw.com

          */s/ Eric C. McNamar*
          ERIC C. MCNAMAR, #22467-49

LEWIS WAGNER, LLP
1411 Roosevelt Avenue, Suite 102
Indianapolis, IN 46201
Telephone:   317-237-0500
emcnamar@lewiswagner.com
eabel@lewiswagner.com